UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RANDY A. HART,**

       **Plaintiff,**

v.                                          Case No:  8:20-cv-1796-T-02TGW

**AUBURNDALE POLICE DEPARTMENT,**

       **Defendant.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff's civil rights complaint (Doc. 1), and apparent supplements or amendments thereto (Docs. 3, 4),[1] as well as a document titled "Access to Courts" (Doc. 5). Having reviewed the documents and being otherwise fully advised the Court Orders as follows:

Plaintiff initiated this action on August 3, 2020, and, as of the date of this order, has not paid the filing fee. The Court, accordingly, treats this action as an *in forma pauperis* proceeding under 28 U.S.C. § 1915. The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] Each of the three documents is titled "Civil Rights Complaint." (*See* Docs. 1, 3, 4).

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include: *Hart v. Judd*, 8:11-cv-1590-T-33TBM, *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP, *Hart v. Knight*, 8:16-cv-1337-T-33JSS, and *Hart v. Hays*, 16-cv-1391-T-17TGW.

In an apparent attempt to satisfy the "imminent danger" exception, Plaintiff states in his "Access to Courts" filing that he "has suffered bodily injury on June 10, 2020." (Doc. 5 at 3). However, he provides no further details about the injury or surrounding circumstances. This is insufficient to satisfy the exception. *See e.g.*, *Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007) (explaining that "[t]he plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

2

imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." (Citations and quotation marks omitted)).

Therefore, because he has had three prior dismissals that qualify under Section 1915(g) and because he has not sufficiently alleged that he is in imminent danger of serious physical injury, Plaintiff is not entitled to proceed *in forma pauperis*. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint, in a new case, with a new case number, upon the payment of the filing fee. The **CLERK** is directed to **TERMINATE** any pending motions and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE